[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPORTIONMENT DEFENDANT'S MOTION TO STRIKE (109)
There is a split of authority among the judges of the Superior Court on the issue at hand. Gazo v. Stamford, 255 Conn. 245 (2001) recognizes that in the context here, vis a vis the original plaintiff, both the landowner and the contractor owe a direct duty of care. There was no appellate issue of apportionment in Gazo although, as noted hereafter, some of its language informs the decision here.
This apportionment complaint is silent on the factual basis for apportionment. By their respective written arguments, and at oral argument, the parties have framed the issue as whether or not liability can be apportioned between the contractor and the landowner who hired him to completely perform his nondelegable duty. There is no claim at this point that the performance of the duty was not totally delegated. In short, there is no present claim that the apportionment defendant's contractual undertaking was any less than the entirety of the apportionment plaintiffs' obligation to keep the premises safe.
Accordingly, the context presumed by the court, based upon the way the parties have framed it is that the same full duty to keep the premises safe is owed separately by the parties and the breach of that duty was the same for each of them though the conduct of the apportionment CT Page 8607 defendant. Gazo, supra, p. 249, fn. 4.
In the past this court allowed an apportionment complaint in this context. Upon further consideration, and in light of language in Gazo,
which even if dicta, is applicable, this court concludes that as a matter of law apportionment is not available to the apportionment plaintiffs.
Charles Smith et al. v. Hartford Direct Marketing Mailing Services,Inc. et al., 2000 WL 1390515 (Conn.Super., 2000) is persuasive. That court concluded that in the same context the negligence of the landlord and contractor would be exactly the same in fact and law. It is indivisible and cannot be apportioned because the negligence of the contractor is imputed to the landowner.
The Gazo court, in rejecting the contractor's claim that the imposition of dual liability was an improper establishment of joint liability forbidden by the apportionment statute, reached the same conclusion. By analogy, at least, the reasoning of Gazo informs the issue here. TheGazo court noted that apportionment proceeds on the premise that the defendants between or among whom liability is apportioned are at least potentially liable in differing proportions. That court then concluded that apportionment "does not apply therefore, to a case of vicarious liability of one defendant for the conduct of another." Gazo, supra, p. 258. That is the precise context here. Vicarious liability renders §52-572h (c) inapplicable as a matter of law because there is nothing to apportion.
Even if a landowner were independently negligent by his own conduct apportionment still would not lie because the landowner would also still be responsible, by virtue of vicarious liability, for the negligence of the contractor as well as his own.
Motion granted.
Licari, J.